UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC - 2 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Corey Ricardo Ryland,  )
  )
      Petitioner,  )
  )
v.  ) Civil Action No. 13-1901
  )
  )
Wan J. Kim,  )
  )
      Respondent.  )

## MEMORANDUM OPINION

Petitioner, a District of Columbia prisoner at the United States Penitentiary in Pollock, Louisiana, proceeding *pro se* has submitted a form application for a writ of *habeas corpus* under 28 U.S.C. § 2241 and an application to proceed *in forma pauperis*. For the following reasons, the Court will grant the application to proceed *in forma pauperis* and will dismiss this action.

Rule 1(b) of the Rules Governing Section 2254 Cases permits the Court to "apply these rules to a habeas corpus petition [under § 2241]," and Rule 12 makes the Federal Rules of Civil Procedure applicable to habeas petitions "to the extent that they are not inconsistent with any statutory provisions or these rules." Unlike the minimal pleading requirements of Fed. R. Civ. P. 8(a), "Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement. The habeas rule instructs the petitioner to 'specify all the grounds for relief available to [him]' and to 'state the facts supporting each ground.' " *Mayle v. Felix*, 545 U.S. 644, 649 (2005). This "demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted' " or to summarily dismiss the petition. *Id.* at 656 (quoting 28 U.S.C. § 2243). The

1

demand is necessary also because the government, in responding to a show cause order, "must 'address the allegations in the petition.'" *Id.* (quoting Gov'g Rule 5(b)).

Petitioner has set forth no grounds for relief and, in fact, states throughout the form that none of the pertinent sections applies to him. *See* Pet. at 7-9. Petitioner wants only to be brought to this Court so that he "can file a U.S. federal civil rights complaint against my adversary culprit." *Id.* at 9. The petition simply fails to comply with the habeas pleading rules, and it does not otherwise provide a basis for habeas relief. *See Mayle*, 545 U.S. at 655 ("Notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error.") (quoting Advisory Comm. Note on Habeas Corpus Rule 4) (internal bracket and quotation marks omitted). It therefore will be dismissed. A separate Order accompanies this Memorandum Opinion.

United States District Judge

Date: November 8, 2013